**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| THE COMPHY CO., | |
| Plaintiff, | Case No. 1:18-CV-04584 |
| v. | |
| AMAZON.COM, INC., | HON. MATTHEW F. KENNELLY |
| Defendant. | JURY TRIAL DEMANDED |

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO**
**<u>PLAINTIFF THE COMPHY CO.'S COMPLAINT</u>**

Defendant Amazon.com, Inc. hereby responds to the Complaint ("Complaint") filed against it by Plaintiff The Comphy Co. ("Plaintiff" or "The Comphy Co.") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.  All allegations not specifically admitted herein (including any allegations contained in headings, which are reproduced solely for convenience) are denied.

## I.     NATURE OF ACTION

1.      This is an action for trademark infringement of Plaintiff's U.S. trademark rights in violation of 15 U.S.C. § 1114, infringement of Plaintiff's common law trademark rights, unfair competition and false designation of origin, sponsorship or approval in violation of 15 U.S.C. § 1125(a) and under Illinois common law, contributory trademark infringement under federal precedent and Illinois law, violation of the Illinois Deceptive Trade Practice Act IL 815/1 et seq., and violation of the Illinois Consumer Fraud Act IL 815 IL 505/1 et seq.

**ANSWER TO PARAGRAPH 1:**     Amazon.com, Inc. admits that The Comphy Co. purports to bring an action for trademark infringement, unfair competition and false designation of origin, sponsorship or approval, violation and the Illinois Deceptive Trade Practice Act, and violation of the Illinois Consumer Fraud Act.  Amazon.com, Inc. denies any remaining allegations of this paragraph.

## II.     PARTIES

2.      Plaintiff The Comphy Co. is a corporation organized and existing under the laws of the State of California, having a primary place of business at 7034 Portal Way, #110 Ferndale, Washington, 98248.

**ANSWER TO PARAGRAPH 2:**     Amazon.com, Inc. is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

3.      Upon information and belief, Defendant Amazon.com, Inc. is a corporation

organized and existing under the laws of the State of Delaware, having its principal place of business at 410 Terry Ave., North, Seattle, Washington, 98109.  Defendant operates the Internet retail website at amazon.com.

**ANSWER TO PARAGRAPH 3:**    Amazon.com, Inc. admits that it is a Delaware corporation with its principal place of business at 410 Terry Ave., North, Seattle, Washington, 98109. Amazon.com, Inc. admits that its subsidiaries (collectively with Amazon.com, Inc., "Amazon") operate the website located at amazon.com.

### III.    JURISDICTION AND VENUE

4.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER TO PARAGRAPH 4:**    For purposes of this action only, Amazon admits that this Court has subject matter jurisdiction over this action.  Amazon denies any remaining allegations of this paragraph.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial website at amazon.com. Specifically, Defendant is reaching out to do business with Illinois residents by operating its commercial, interactive website through which Illinois residents are induced to purchase products because of Defendant's intentional use of Plaintiff's COMPHY, COMPHY SHEETS and

COMPHY COMPANY trademarks. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**ANSWER TO PARAGRAPH 5:**   For purposes of this action only, Amazon admits that venue is proper in this judicial district and that this Court has personal jurisdiction over Amazon. Amazon denies that it has committed any tortious acts in Illinois or elsewhere, or that it has caused Plaintiff any injury.  Amazon denies any remaining allegations of this paragraph.

6.      Defendant owns shipping facilities and employs many people in this district. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant resides in this district and is subject to this Court's personal jurisdiction.

**ANSWER TO PARAGRAPH 6:**   For purposes of this action only, Amazon admits that venue is proper in this judicial district and that this court has personal jurisdiction over Amazon.  Amazon denies any remaining allegations of this paragraph.

### IV.    PLAINTIFF'S PRODUCTS AND TRADEMARKS

7.      Plaintiff The Comphy Co. has been selling a variety of high end, luxury products, including luxury linens and bedding, since 2003 under the COMPHY trademark and its stylized "C" trademark. Plaintiff does business under the COMPHY COMPANY mark, and markets, promotes and sells COMPHY SHEETS brand sheets (collectively, "Plaintiff's Trademarks"). Plaintiff's Trademarks are extremely valuable to Plaintiff's business.

**ANSWER TO PARAGRAPH 7:**   Amazon is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

8.      Initially, Plaintiff focused on selling luxury bedding to spas under Plaintiff's Trademarks, and then expanded to the hospitality market. Direct sales to consumers followed,

because spa, hotel, and bed and breakfast guests were enamored with Plaintiff's sheets, blankets, pillow cases and other bedding; noticed Plaintiff's Trademarks; and contacted Plaintiff seeking to purchase luxury bedding for home use. Plaintiff established a home line of luxury bedding in response to this consumer demand. **Exhibit 1** attached hereto is a true and correct copy of a news article from king5.com about the history of The Comphy Co., which includes an image of the Plaintiff's stylized "C" trademark and Plaintiff's COMPHY trademark.

**ANSWER TO PARAGRAPH 8:**   Amazon is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

9.     Plaintiff maintains a website at comphy.com for its products that are currently sold under Plaintiff's stylized "C" trademark and COMPHY word mark. Plaintiff's website includes "Comphy for Home" and "Comphy for Professionals" sections. The "Comphy for Home" section discusses COMPHY SHEETS, and markets and sells products under a variety of categories, including Comphy Bed and Bath, Comphy Baby, Comphy Accents and Comphy Design a Bed. In addition to a full spectrum of bedding and accent products for adults and babies, customers can also order robes that are marked with Plaintiff's stylized "C" trademark and COMPHY word mark. **Exhibit 2** attached hereto includes a number of true and correct screenshots from Plaintiff's website at comphy.com.

**ANSWER TO PARAGRAPH 9:**   Amazon is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

10.     Plaintiff has developed widespread goodwill, recognition and secondary meaning for its stylized "C" trademark, the COMPHY word mark, the COMPHY COMPANY name, and for COMPHY SHEETS.

**ANSWER TO PARAGRAPH 10:**  Denied.

11.     Plaintiff is the owner of U.S. Trademark Applications for a stylized "C" trademark and a COMPHY word mark, and a U.S. Trademark Registration for a stylized THE COMPHY CO. and design.

**ANSWER TO PARAGRAPH 11:**  Amazon is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

12.     Plaintiff's U.S. Trademark Application for a stylized "C" was filed on April 4, 2018 in classes 024 and 025 and assigned serial number 87/863,171 ("'171 Application"). The class 24 goods are linens and bedding, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts. The class 25 goods are robes. The date of first use is at least as early as November 3, 2003. A true and correct copy of the filing details for the '171 Application is attached hereto as **Exhibit 3**.

**ANSWER TO PARAGRAPH 12:**  Amazon admits that Exhibit 3 purports to be a copy of filing details for a trademark application that it was filed on April 3, 2018 and assigned serial number 87/863,171.  Amazon admits that Exhibit 3 lists the class 24 goods as "linens and bedding, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts" and the class 25 goods as "robes."  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

13.     Plaintiff's U.S. Trademark Application for the COMPHY word mark was filed on April 4, 2018 in classes 024 and 025 and assigned serial number 87/863,035 ("'035 Application"). The class 24 goods are linens and bedding, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts. The class 25 goods are robes. The date of first use is at least as early as November 3, 2003. A true and

correct copy of the filing details for the '035 Application is attached hereto as **Exhibit 4**.

**ANSWER TO PARAGRAPH 13:**   Amazon admits that Exhibit 4 purports to be a copy of filing details for a trademark application that it was filed on April 4, 2018 and assigned serial number 87/863,035.  Amazon admits that Exhibit 4 lists the class 24 goods as "linens and bedding, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts" and the class 25 goods as "robes."  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

14.     Plaintiff owns U.S. Trademark Registration No. 3,479,190 ("'190 Registration") for a stylized THE COMPHY CO. and design in classes 024 and 025. The class 24 goods are linens and bedding for health spas, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts. The class 25 goods are robes for health spas.  The date of first use is at least as early as November 3, 2003.  A true and correct copy of the United States Registration Certificate for the '190 Registration is attached hereto as Exhibit 5.

**ANSWER TO PARAGRAPH 14:**   Amazon admits that Exhibit 5 purports to be a copy of a U.S. Trademark Registration No. 3,479,190.  Amazon admits that Exhibit 5 lists the class 24 goods as "linens and bedding for health spas, namely, towels, pads in the nature of bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, and table skirts" and the class 25 goods as "robes for health spas."  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

15.     Plaintiff's '171 and '035 Applications and '190 Registration are valid and subsisting, and are owned by Plaintiff.   The '190 Registration is incontestable pursuant to 15

U.S.C. § 1065, which means that the '190 Registration is conclusive evidence of the validity of the trademark and of the registration of the trademark, of Plaintiff's ownership of the trademark, and of Plaintiff's exclusive right to use the trademark in commerce.  15 U.S.C. §§ 1115(b), 1065.

**ANSWER TO PARAGRAPH 15:**  Denied.

16.     Plaintiff coined, adopted, and began using the COMPHY word mark and a family of COMPHY marks, including, for example, COMPHY BED AND BATH, COMPHY BABY, COMPHY FOR HOME, COMPHY FOR PROFESSIONALS, COMPHY TOUCH, and COMPHY SHEETS, in connection with a wide range of goods, including, but not limited to, linens and bedding, towels, bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, table skirts and robes ("Plaintiff's Goods"). The COMPHY word mark is inherently distinctive or has become distinctive of the linens and bedding, towels, bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, table skirts and robes sold under the COMPHY word mark, through Plaintiff's substantially exclusive and continuous use of the mark in commerce for many years, and through extensive amounts of sales and advertising, establishing wide exposure of the mark to consumers. Plaintiff has continuously used the COMPHY word mark in connection with Plaintiff's Goods since long prior to Defendant's infringing use of Plaintiff's COMPHY, COMPHY SHEETS, COMFY SHEETS and COMPHY COMPANY marks.

**ANSWER TO PARAGRAPH 16:**  Amazon denies that the alleged COMPHY word mark is inherently distinctive or has become distinctive, whether with respect to linens and bedding, towels, bed pads, mattress pads and table pads, sheets, duvets, comforters, pillow cases, pillow shams, table skirts and robes or other products sold under the alleged COMPHY word mark, and whether through Plaintiff's acts or otherwise.  Amazon denies that it has infringed any alleged

mark.  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

## V.   DEFENDANT'S ATTEMPTS TO SIGN UP PLAINTIFF

17.    Recognizing the value in Plaintiff's Trademarks, Defendant has solicited Plaintiff to sell products on Defendant's website at amazon.com. This included, but is not limited to, multiple occasions in early 2018, when Defendant's "Vendor Onboarding" contacted Plaintiff and offered to add Plaintiff's "full selection of products to Amazon using our Item Setup assistance for free."  True and correct copies of such solicitations are attached as **Exhibit 6.**

**ANSWER TO PARAGRAPH 17:**  Amazon admits that it contacted Plaintiff to inquire whether Plaintiff would be interested in selling its products via amazon.com.  Amazon denies the remaining allegations of this paragraph.

18.    Plaintiff has no interest in selling its luxury products on Defendant's website at amazon.com, and has expressly refused all solicitations from Defendant to do so. Amazon.com is not an appropriate venue for Plaintiff's Goods, and Plaintiff has at least one important customer relationship that would be lost if Plaintiff marketed and sold its products on amazon.com.

**ANSWER TO PARAGRAPH 18:**  Amazon is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

## VI.   DEFENDANT'S UNLAWFUL ACTIONS USING PLAINTIFF'S TRADEMARKS

19.    Defendant is making unauthorized and infringing use of Plaintiff's Trademarks on its website to promote bedding, sheets, pillows and other related merchandise not made or authorized by Plaintiff.

**ANSWER TO PARAGRAPH 19:**  Denied.

20.    Defendant suggests use of and generates responses for both COMPHY and THE COMPHY COMPANY to eventually lead potential buyers to purchase inferior third-party bedding

products that are sold on amazon.com. For instance, typing in "comph" in the search bar of Defendant's search engine causes www.amazon.com to suggest "comphy **sheets**," as shown in **Exhibit 7** attached hereto.  Conducting the search with that suggestion causes www.amazon.com to display inferior third-party sheets that are not affiliated with, related to, or sponsored or otherwise authorized by Plaintiff, including "Comfy Sheets," as shown in **Exhibit 8** attached hereto. Typing in "comphy comp" in the search bar of Defendant's search engine causes www.amazon.com to suggest "comphy company sheets," as shown in **Exhibit 9** attached hereto. Conducting the search with that suggestion causes amazon.com to display inferior third-party sheets, that are not affiliated with, related to, sponsored by or otherwise authorized by Plaintiff, including "Comfy Sheets," as shown in **Exhibit 10** attached hereto.

**ANSWER TO PARAGRAPH 20:**  Denied.

21.   Defendant's website at amazon.com markets, promotes, offers to sell and sells inferior third-party products as "Amazon's Choice for 'comphy sheets,'" as shown in **Exhibit 11** attached hereto.

**ANSWER TO PARAGRAPH 21:**  Denied.

22.   Defendant pays third-party search engines to direct persons searching for COMPHY brand sheets to amazon.com instead of comphy.com or other authorized dealer of Plaintiff's products, as shown in **Exhibit 12** attached hereto (screenshot of a search conducted on Google) and **Exhibit 13** attached hereto (screenshot of a search conducted on Bing).

**ANSWER TO PARAGRAPH 22:**  Denied.

23.   Defendant uses the COMPHY mark in multiple ways on its website, which drives sales to competing products, including infringing "Comfy" brand sheets. When "comphy" is typed into the search bar on Defendant's amazon.com website, Defendant's algorithm recognizes the

mark and suggests a dropdown menu of possible search terms, many of which include Plaintiffs COMPHY mark. For instance, as shown in Figure 1 below, the first suggested search term is "comphy sheets":



*Figure 1*

**ANSWER TO PARAGRAPH 23:**   Denied.

24.     When "comphy" is searched on Defendant's website amazon.com, the algorithm populates a page of search results for inferior and unauthorized third-party sheets. The search results page does not indicate that COMPHY-brand sheets are unavailable on amazon.com, but instead lists at the top, "___ results for 'comphy,'" followed by listings for sheet sets that are sold on amazon.com. The brand name of the sheets offered for sale on amazon.com is not immediately evident. For example, as shown in Figure 2 below, in a search for "comphy," the top three listings appeared as "Amazon's Choice":



*Figure 2*

**ANSWER TO PARAGRAPH 24:**  Denied.

25.     Upon information and belief, Defendant has, without any authorization, license, or other permission from Plaintiff, used Plaintiff's Trademarks or confusingly similar marks, in connection with the advertisement, distribution, offering for sale, and sale of products in the United States and Illinois.

**ANSWER TO PARAGRAPH 25:**  Denied.

26.     Upon information and belief, Defendant's use of Plaintiff's Trademarks or confusingly similar marks in the advertisement, distribution, offering for sale, and sale of products was willful.

**ANSWER TO PARAGRAPH 26:**  Denied.

27.     Defendant's actions are likely to cause and have caused actual confusion. Plaintiff has received complaints from retail customers, believing that they purchased actual, quality COMPHY-brand sheets from Plaintiff via amazon.com, about the poor quality of the sheets, or about the failure of the third-party vendor to provide ancillary products offered as an incentive to

purchase sheets.  The complaints made by third party retail customers are the direct result of Defendant's unauthorized use of Plaintiff's Trademarks to lead customers to buy inferior third-party products.

**ANSWER TO PARAGRAPH 27:**  Amazon denies that any act by Amazon has caused or is likely to cause actual confusion.  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

28.     Plaintiff's relationship with a retail customer often begins after that customer experiences COMPHY-branded sheets, robes and other products at a spa, hotel, or bed and breakfast establishment. Customers then search for COMPHY SHEETS, COMPHY or COMPHY COMPANY on the Internet. Defendant uses its vast market power as a first location for customers searching on amazon.com. Defendant further dominates search results on Google and Bing to lead such customers away from Plaintiff's website, and instead to amazon.com. This is causing irreparable damage to Plaintiff's growing internet business.

**ANSWER TO PARAGRAPH 28:**  Amazon denies that it uses vast market power as a first location for customers searching on amazon.com. Amazon denies that it dominates search results on Google and Bing to lead such customers away from Plaintiff's website, and instead to amazon.com.  Amazon denies that Plaintiff is suffering irreparable damage.  Amazon is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

29.     Plaintiff notified Defendant of the damage being caused by its unlawful use of Plaintiff's Trademarks in a letter from Plaintiff's counsel sent on April 30, 2018 and demanded that Defendant cease and desist its unlawful use of Plaintiff's Trademarks. Defendant responded on May 8, 2018 with an email stating that "We cannot take action on your report because the

trademark you provided is not in a registered status. We do not enforce pending applications or expired IP rights." **Exhibit 14** attached hereto is a true and correct copy of Defendant's May 8, 2018 response.

**ANSWER TO PARAGRAPH 29:**  Amazon admits that on or about April 30, 2018, Plaintiff's counsel sent Amazon a letter that purported to demand that Amazon refrain from certain alleged acts.  Amazon admits that on May 8, 2018, Amazon responded to Plaintiff's counsel's letter via an email that stated, among other things, that it "cannot take action on your report because the trademark you provided is not in a registered status. We do not enforce pending applications or expired IP rights."  Amazon admits that Exhibit 14 purports to be a copy of Amazon's May 8, 2018 response.  Amazon denies any remaining allegations of this paragraph.

30.     Defendant's willful use of Plaintiff's Trademarks or confusingly similar marks in connection with the advertisement, marketing, distribution, offering for sale, and sale of products is likely to cause, and has caused, confusion, mistake, and deception by and among customers of Plaintiff and is irreparably harming Plaintiff.

**ANSWER TO PARAGRAPH 30:**  Denied.

31.     Plaintiff's sales, retail business growth and reputation are being hurt by Defendant's unlawful actions.

**ANSWER TO PARAGRAPH 31:**  Denied.

32.     Defendant is abusing its market power to steal Plaintiff's goodwill. According to One Click's estimates, Defendant accounted for 44% of the total U.S. e-commerce sales in 2017. As of September 2017, Defendant reported 90 million "Amazon Prime" subscribers, and Defendant reported 310 million active users as of the first quarter of 2016. A customer seeking to purchase products of the COMPHY COMPANY via an Internet search is likely to have prior

experience with amazon.com and will be induced to visit amazon.com to look for COMPHY COMPANY products because Defendant is using Plaintiff's Trademarks to draw interest to its amazon.com storefront. Defendant then offers to sell inferior third-party products to potential customers that are seeking COMPHY COMPANY products. Plaintiff lacks the resources to compete with such unfair practices and its ability to grow its Internet retail business is being irreparably damaged by Defendant's abuse of market power.

**ANSWER TO PARAGRAPH 32:**  Amazon admits that a third party, "One Click Retail," has publicly stated that Amazon was "responsible for an estimated 44% of all U.S. ecommerce sales in 2017."  Amazon denies the remaining allegations of this paragraph.

33.     A critical period for Plaintiff's sales begins in late summer/early fall, and if Defendant's unlawful actions are not enjoined, Plaintiff will suffer irreparable harm to its internet retail business.

**ANSWER TO PARAGRAPH 33:**  Denied.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

34.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

**ANSWER TO PARAGRAPH 34:**  Amazon incorporates by reference its responses to the preceding paragraphs.

35.     Defendant's actions described above constitute willful, intentional and unauthorized use of the Plaintiff's '190 Registration for a stylized "THE COMPHY CO." and design, and are likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the products sold on Defendant's website at amazon.com using Plaintiff's trademark among the general public, and/or the existence of a non-existent affiliation or sponsorship with, or

endorsement from Plaintiff.

**ANSWER TO PARAGRAPH 35:**  Denied.

36.     Defendant's activities constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Such infringement is willful.

**ANSWER TO PARAGRAPH 36:**  Denied.

37.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Trademarks.

**ANSWER TO PARAGRAPH 37:**  Denied.

38.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful use of Plaintiff's Trademarks in the advertisement, promotion, offer to sell, and sale of third party products. Defendant's actions have and continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 38:**  Denied.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

39.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

**ANSWER TO PARAGRAPH 39:**  Amazon incorporates by reference its responses to the preceding paragraphs.

40.     Defendant's actions described above constitute willful, intentional and unauthorized use of the Plaintiff's Trademarks as protected by common law.

**ANSWER TO PARAGRAPH 40:**  Denied.

41.     Defendant's search results page on amazon.com infringes the Plaintiff's

Trademarks because its algorithm suggests and then recognizes the "Comphy" mark as a keyword which it uses to display infringing "Comfy" products and other competing products for sale.

**ANSWER TO PARAGRAPH 41:**   Denied.

42.     Defendant's sponsored link advertisements on third-party search engines, such as Google and Bing, infringe the Plaintiff's Trademarks because Defendant pays search engines for the right to use "Comphy," "Comfy Sheets," and "Comphy Company" as keywords, which causes a Defendant advertisement for "Comphy" or "Comfy" sheets to appear in search results on the third-party search engines.

**ANSWER TO PARAGRAPH 42:**   Denied.

43.     Defendant's actions generate initial interest confusion by attracting customers browsing the Internet using Plaintiff's Trademarks, thereby acquiring goodwill that belongs to Plaintiff. See, *Promatek Industries v. Equitrac Corp*, 300 F.3d 808 (7th Cir. 2002).

**ANSWER TO PARAGRAPH 43:**   Denied.

44.     Defendant's offering of "Comfy" brand sheets for sale on its website at amazon.com independently infringes the Plaintiff's COMPHY mark.

**ANSWER TO PARAGRAPH 44:**   Denied.

45.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful use of Plaintiff's Trademarks in the advertisement, promotion, offer to sell, and sale of third party products.

**ANSWER TO PARAGRAPH 45:**   Denied.

46.     Defendant's activities constitute trademark infringement of Plaintiff's common law trademark rights. Such infringement has been willful.

**ANSWER TO PARAGRAPH 46:**   Denied.

47.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Plaintiff's Trademarks.

**ANSWER TO PARAGRAPH 47:**  Denied.

48.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful actions. Defendant's actions have and continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 48:**  Denied.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 11125(A))**

49.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

**ANSWER TO PARAGRAPH 49:**  Amazon incorporates by reference its responses to the preceding paragraphs.

50.     Defendant's use of Plaintiff's Trademarks to direct retailer customers to third party goods on Defendant's website at amazon.com via a search on amazon.com, or through Google, Bing and other search engines, has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of the third-party products sold on Defendant's website at amazon.com.

**ANSWER TO PARAGRAPH 50:**  Denied.

51.     Defendant's false designation of origin and misrepresentation of fact as to the affiliation, connection, association, origin and/or sponsorship of the Defendant's products to the general public involves the use of a confusingly similar mark and is a violation of Section 43 of

the Lanham Act, 15 U.S.C. § 1125. Such violation is by Defendant is willful.

**ANSWER TO PARAGRAPH 51:**  Denied.

52.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Trademarks. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful actions. Defendant's actions have and continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 52:**  Denied.

**COUNT IV**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**

53.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52.

**ANSWER TO PARAGRAPH 53:**  Amazon incorporates by reference its responses to the preceding paragraphs.

54.     Defendant's use and suggested use of Plaintiff's registered and common law trademarks and similar marks as search suggestions and search terms induces internet shoppers to use Plaintiff's Trademarks. Defendant then offers and supplies products, such as "Comfy Sheet" products, with actual and constructive knowledge that such products directly infringe Plaintiff's Trademarks and intentionally directs retailer customers to third party goods on Defendant's website at amazon.com using Plaintiff's Trademarks as a sign post.

**ANSWER TO PARAGRAPH 54:**  Denied.

55.     Defendant has, through its actions, supplied infringing products of a third party where it knows or reasonably should know that infringement is occurring, and is supplying the necessary marketplace for the sale of products that infringe Plaintiff's Trademarks. Defendant has,

and continues to, supply the marketplace with infringing products while knowing, having reason

to know, or suspecting that such products are infringing Plaintiff's Trademarks.

**ANSWER TO PARAGRAPH 55:**  Denied.

56.    Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined,

Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-

known Trademarks. The injuries and damages sustained by Plaintiff have been directly and

proximately caused by Defendant's wrongful actions. Defendant's actions have and continue to

cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 56:**  Denied.

### COUNT V
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et. seq.)*

57.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in

paragraphs 1 through 56.

**ANSWER TO PARAGRAPH 57:**  Amazon incorporates by reference its responses to the

preceding paragraphs.

58.    Defendant has engaged in acts violating Illinois law including, but not limited to,

passing off products on amazon.com as those of Plaintiff, causing a likelihood of confusion and/or

misunderstanding as to the source of goods on amazon.com, causing a likelihood of confusion

and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiff's

Goods, representing that products on amazon.com have Plaintiff's approval when they do not, and

engaging in other conduct which creates a likelihood of confusion or misunderstanding among the

public.

**ANSWER TO PARAGRAPH 58:**  Denied.

59.    The foregoing Defendant acts constitute a willful violation of the Illinois Uniform

Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

**ANSWER TO PARAGRAPH 59:**  Denied.

60.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Trademarks. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful actions. Defendant's actions have and continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 60:**  Denied.

**COUNT VI**
**CONSUMER FRAUD ILLINOIS LAW**
**(815 ILCS § 505, *et seq.*)**

61.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 60.

**ANSWER TO PARAGRAPH 61:**  Amazon incorporates by reference its responses to the preceding paragraphs.

62.     Defendant's actions above are intended to deceive Internet consumers and induce such consumers seeking Plaintiff's Goods on the Internet to instead buy third-party products on Defendant's website at amazon.com, while the third-party consumers believe that they are purchasing Plaintiff's Goods. Defendant's conduct causes a likelihood of confusion and misunderstanding as to the source of goods whenever Defendant's own algorithm and/or its sponsored link advertisements on third-party search engines, such as Google and Bing, cause Internet consumers searching for Plaintiff's Goods to instead shop on Defendant's website at amazon.com, where no genuine Plaintiff's Goods are available.

**ANSWER TO PARAGRAPH 62:**  Denied.

63.     The injuries and damages sustained by Plaintiff have been directly and proximately

caused by Defendant's wrongful actions. Defendant's actions have and continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact herein.

**ANSWER TO PARAGRAPH 63:**   Denied.

**ADDITIONAL DEFENSES**

1.      The Complaint, on one or more of the counts set forth therein, fails to state a claim for which relief can be granted.

2.      The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

3.      The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

4.      The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

5.      The claims made in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

6.      The claims made in the Complaint are barred, in whole or in part, by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Amazon's actions.

7.      The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of the marks at issue are generic.

8.      The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of the marks at issue lack secondary meaning.

9.      Amazon has not infringed any applicable trademarks under federal or state law.

10.     The claims made in the Complaint are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Amazon.

11.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

12.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Amazon's actions.

13.     The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

14.     The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

15.     The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

16.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

17.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

18.     The claims made in the Complaint are barred, in whole or in part, because Amazon is not liable for the acts of others over whom it has no control.

### JURY DEMAND

Amazon hereby demands a trial by jury for all claims so triable.

Dated:  August 21, 2018                    JENNER & BLOCK LLP


By:  /s/ *Bradford P. Lyerla*

Bradford P. Lyerla
Ashley M. Schumacher
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350

Adam G. Unikowsky (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412
Phone: (202) 639-6041

Attorneys for
AMAZON.COM, INC.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on August 21, 2018, a true and correct copy of **Defendant Amazon.com, Inc.'s Answer to Plaintiff The Comphy Co.'s Complaint** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: August 21,  2018

Respectfully submitted,

*/s/ Bradford P. Lyerla*
Bradford P. Lyerla
Ashley M. Schumacher
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350

*Attorney for Defendant Amazon.com, Inc.*

24